UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY D. KILLE, | |
| Plaintiff, | Civil Action No. 22-5164 (MAS) (LHG) |
| v. | |
| NEW JERSEY STATE PRISON, et al., | MEMORANDUM ORDER |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Anthony D. Kille's application to proceed *in forma pauperis* (ECF No. 1-2) and the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is therefore granted. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips*

*v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that in November 2021, he was subjected to excessive force at the hands of Defendant Officer Newsom,[1] who, after handcuffing Plaintiff, sprayed him in the back of the head with pepper spray and "slammed [Plaintiff] on to the ground." Plaintiff

---

[1] In the caption of this matter, the Clerk of the Court has identified Defendant as "Officer Newson." (*See* ECF Docket Sheet.) Plaintiff, however, repeatedly spells this Defendant's name as "Newsom." (*See* ECF No. 1 at 1, 2, 5.) This Court thus uses Plaintiff's spelling, and will direct the Clerk of the Court to correct the docket of this matter to reflect this spelling.

2

thus seeks to raise claims under § 1983 for excessive force against Newsom and his employer, New Jersey State Prison. Having reviewed the complaint, this Court perceives no basis for the dismissal of the excessive force claim against Newsom at this time, and will therefore permit that claim to proceed.

The second Defendant, New Jersey State Prison, however, is not subject to suit under § 1983. This is so both because the prison is not a "person," the only class of defendants subject to suit under § 1983, and because arms of a state, such as a state department or prison operated by a state department, are entitled to Eleventh Amendment immunity from suit in federal court. *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health and Human Servs.*, 730 F.3d 291, (3d Cir. 2013); *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). Plaintiff's claim against the prison is therefore dismissed with prejudice.

**IT IS THEREFORE** on this 30th day of August, 2022, **ORDERED** that:

1. The Clerk of the Court shall amend the docket sheet of this matter to correct the spelling of Defendant Newsom's name from "Newson" to "Newsom";

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) is **GRANTED**;

3. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of New Jersey and the warden of New Jersey State Prison;

4. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or

closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

5. Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case for which a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

6. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited;

7. Plaintiff's excessive force claim shall **PROCEED** against Defendant Newsom only at this time;

8. Plaintiff's claims against New Jersey State Prison are **DISMISSED WITH PREJUDICE**;

9. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for Defendant Newsom;

10. Plaintiff shall complete the form and return it to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608;

11. Upon Plaintiff's sending of the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendant Newsom pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;

12. Defendant Newsom shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and

13. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**