UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY D. KILLE, | |
| Plaintiff, | Civ. No. 22-5164 (MAS)(JBD) |
| v. | MEMORANDUM ORDER |
| OFFICER NEWSOM, | |
| Defendant. | |

This matter comes before the Court on its own motion pursuant to 28 U.S.C. § 1915(e)(1), and by way of defendant Officer Newsom's request for permission to file a motion to dismiss as a discovery sanction pursuant to Rule 37. [Dkt. 49]. For the reasons set forth below, the Court will appoint *pro bono* counsel to represent *pro se* plaintiff Anthony D. Kille for the limited purpose of assisting Kille with completing discovery. Given the appointment, the Court will deny as moot defendant Newsom's request for permission to file a motion to dismiss.

**I.    BACKGROUND**

Kille is a *pro se* litigant currently incarcerated in the New Jersey State Prison. He alleges that a correctional officer, defendant Officer Newsom, used excessive force during a cell extraction. [Dkt. 1] at 4-6. Along with his complaint, Kille submitted an application to proceed *in forma pauperis*, which the Court granted on August 30, 2022. [Dkt. 2]. The Court screened Kille's complaint and permitted his claims against Newsom to proceed but dismissed with prejudice his claims against the New Jersey State Prison. *Id.*

The Court set a discovery schedule on February 23, 2023. [Dkt. 18]. On April 19, 2023, Kille requested additional time to prepare discovery. [Dkt. 19]. Kille also informally requested the appointment of *pro bono* counsel, *id.*, and filed a formal motion to that effect on July 13, 2023. [Dkt. 27]. Kille argued that he: (i) is "having a hard time answering the first set of interrogatories"; (ii) has "no access to any legal [assistance]," asserting that the prison does not have LexisNexis or a law library, and that the paralegals do not assist the inmates; and (iii) is "illiterate" and "ignorant to the law" and requires assistance "preparing these documents requested," but without explaining how, if he was indeed illiterate, he wrote and submitted the letter to the Court. *Id.* On May 16, 2023, the Court extended discovery until July 15, 2023. [Dkt. 24].

On November 1, 2023, Newsom informed the Court that Kille had not yet responded to Newsom's written discovery requests, and therefore requested that discovery be reopened so Newsom could take Kille's deposition. [Dkt. 29]. The Court granted Newsom's request, extending discovery until January 30, 2024. [Dkt. 30]. On December 19, 2023, Newsom asked the Court to order Kille to respond to discovery no later than January 5, 2024 to permit Newsom enough time to depose Kille before the discovery deadline, or, in the alternative, to schedule a conference regarding Kille's "ongoing failure to respond [to] discovery." [Dkt. 32]. The Court thereafter ordered Kille to respond to Newsom's outstanding discovery requests by January 31, 2024. [Dkt. 33]. On January 24, 2024, the Court denied

without prejudice Kille's motion for the appointment of *pro bono* counsel as premature. [Dkt. 35].

On February 1, 2024, Newsom requested that the Court conduct a conference call to address Kille's "ongoing failure to respond to discovery." [Dkt. 36]. Newsom alternatively requested permission to file a motion to dismiss "for failure to comply with discovery." *Id.* The Court then held a telephone conference on April 18, 2024, [Dkt. 43], and thereafter instructed Newsom to confirm that his discovery requests had been delivered by mail to Kille. [Dkt. 44]. On April 30, 2024, Kille submitted a letter to the Court reiterating that he has "no legal access or assistance," that he is illiterate, and that he continues to require assistance litigating his case. [Dkt. 46]. For the first time, Kille explained that he had "someone helping [him] read and reply to this letter" in support of his assertion that he is illiterate. *Id.* On July 16, 2024, Newsom again requested permission to file a motion to dismiss on the basis that Kille "has failed to respond to [Newsom's] multiple discovery requests." [Dkt. 49].

## II.  DISCUSSION

Although there is no constitutional right to counsel for litigants in a civil matter, 28 U.S.C. § 1915(e)(1) gives the Court discretion to "request an attorney to represent any person unable to afford counsel." *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citations omitted). Appointment of counsel may be made by the Court *sua sponte* at any point in the litigation. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993) (citations omitted). However, "[b]efore the court is justified in

3

exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." *Id.* at 155 (citations omitted). Nevertheless, "appointment of counsel remains a matter of discretion . . . and the determination must be made on a case-by-case basis." *Id.* at 157-58.

Although this Court previously denied Kille's motion for appointment of counsel as premature because Kille "fail[ed] to demonstrate that his claims have arguable merit," [Dkt. 35] at 4, the Court notes that Kille's claims have been determined to be, at a minimum, sufficient to withstand screening. [Dkt. 2]. Because it appears that Kille's claims *may* have *some* merit, the Court may exercise its discretion to appoint counsel. *Tabron*, 6 F.3d at 155 (citations omitted); *see Bolling v. Davis*, Civ. No. 19-18545 (RK), 2023 WL 4551425, at *3 (D.N.J. July 14, 2023) ("Plaintiff's . . . claims . . . survived screening and, thus, have arguable merit"); *see also Williams v. Hayman*, 488 F. Supp. 2d 446, 449-50 (D.N.J. 2007) (finding claim screened by the court may have merit sufficient for appointment of counsel). Notably, moreover, the appointment of *pro bono* counsel need not be for the duration of the litigation; instead, it may be for limited or particular purposes. *See, e.g.*, *Bell v. Pleasantville Housing Auth.*, Civ. No. 09–4614 (NLH), 2012 WL 12978443 (D.N.J. Jan. 18, 2012) (appointing *pro bono* counsel for limited purpose of defending plaintiff's deposition); *Fennell v. Doe #1*, Civ. No. 22-4545 (KM), 2023 WL 4172968, at *2-3 (D.N.J. June 26, 2023) (appointing *pro bono* counsel for limited purpose of investigating claims, identifying defendants, and drafting amended pleading).

On balance, and in light of the Court's conference with the parties on April 18, 2024, [Dkt. 43], and Kille's subsequent letter to the Court indicating that he could only read and file documents with the Court because he had someone help him, [Dkt. 46], the Court believes that appointment of counsel for the limited purpose of assisting Kille with completing the discovery process is the fairest and most efficient method of resolving the ongoing discovery issues and moving the case efficiently toward a resolution. In particular, based on its discussion with the parties on April 18, 2024, the Court accepts Kille's representations regarding his difficulties comprehending and responding to Newsom's discovery requests. The Court therefore exercises its discretion to appoint *pro bono* counsel for the limited purpose of facilitating Kille's participation in discovery and representing Kille at his deposition. The Court may extend the appointment if warranted. Given the appointment of counsel for the purpose of completing discovery, Newsom's request for permission to file a motion to dismiss pursuant to Rule 37, [Dkt. 49], is denied as moot.

### III. CONCLUSION

For the foregoing reasons,

**IT IS** on this 7th day of August, 2024,

**ORDERED** that the Court requests an attorney pursuant to 28 U.S.C. § 1915(e)(1) to represent Kille *pro bono* for the limited purpose of assisting Kille with completing discovery; and it is further

**ORDERED** that the appointment shall extend to all aspects of discovery, including but not limited to: (i) responding to defendant's written discovery requests; (ii) propounding any written discovery requests to defendant; (iii) representing Kille in any depositions; and it is further

**ORDERED** that the Clerk shall appoint an attorney from the Civil *Pro Bono* Panel pursuant to Appendix H to the Local Civil Rules; and it is further

**ORDERED** that upon *pro bono* counsel's notice of appearance, counsel for defendant shall meet and confer with *pro bono* counsel and thereafter submit a proposed amended schedule governing pretrial proceedings through dispositive motion practice; and it is further

**ORDERED** that Newsom's request for permission to file a motion to dismiss pursuant to Rule 37 is DENIED as moot; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Kille by regular U.S. mail.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE